**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**April 18, 2012**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

v.

ALFREDO CABRERA-ZETINA,

Defendant-Appellant.

No. 11-6237
(D.C. No. 5:10-CR-00360-D-1)
(W.D. Okla.)

**ORDER AND JUDGMENT**[*]

Before **TYMKOVICH**, **BALDOCK**, and **GORSUCH**, Circuit Judges.

Alfredo Cabrera-Zetina pled guilty to one count of unlawful reentry into the United States in violation of 8 U.S.C. § 1326. He argues on appeal that his above-guidelines sentence of 84-months imprisonment is substantively unreasonable.[1] We have jurisdiction under 18 U.S.C. § 3742 and 28 U.S.C. § 1291, and we affirm.

---

[*] After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] The guideline range was 33 to 41 months imprisonment.

"[S]ubstantive reasonableness addresses whether the length of the sentence is reasonable given all the circumstances of the case in light of the factors set forth in 18 U.S.C. § 3553(a)." *United States v. Huckins*, 529 F.3d 1312, 1317 (10th Cir. 2008) (quotation omitted). "[W]e review the reasonableness of sentencing decisions, whether inside, just outside, or significantly outside the Guidelines range, under a deferential abuse-of-discretion standard." *Id*. (quotation and brackets omitted). "A district court abuses its discretion when it renders a judgment that is arbitrary, capricious, whimsical, or manifestly unreasonable." *Id*. (quotation omitted).

Mr. Cabrera-Zetina has been deported to Mexico five times. He has fourteen criminal convictions in the United States, including a felony drug offense and two felony convictions for assault with a dangerous weapon.

We have examined the record and considered the parties' briefs.[2] The district court considered all of the relevant factors under § 3553(a) and more than adequately explained the reasons for imposing an above-guidelines sentence. Mr. Cabrera-Zetina's arguments that the court somehow abused its discretion are without merit.

We AFFIRM the district court's sentence.

Entered for the Court

Bobby R. Baldock
Circuit Judge

---

[2]    We have little doubt as to why Mr. Cabrera-Zetina did not request oral argument.